IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cody J. Pearson,<br>*also known as Cody Javar Pearson*,<br><br>                     Plaintiff,<br><br>vs.<br><br>Capt. J. Stevenson; Lt. Tompkins; Sgt. Smith; and South Carolina Department of Corrections, *Individually and Official Capacity*,<br><br>                     Defendants.<br>_____ | ) C/A No. 9:14-454-RBH-BM<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

       This civil action was filed on February 21, 2014, by Cody J. Pearson, also known as Cody Javar Pearson ("Plaintiff"), who is currently a prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections "("SCDC") in Ridgeville, South Carolina. Plaintiff is proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.[1]

## BACKGROUND

       Plaintiff filed his original Complaint (ECF No. 1) on February 21, 2014. By Order dated February 27, 2014 (ECF No. 9), Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2) was granted, Plaintiff's Motion to Appoint Counsel (ECF No. 3) was denied, and

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



Plaintiff was given a specific time frame in which to bring this case into proper form by submitting proposed service documents for Defendants. On March 6, 2014, Plaintiff complied with the Court's Order by submitting the necessary service documents; see ECF No. 12. On March 10, 2014, Plaintiff filed an Amended Complaint (ECF No. 15).

Plaintiff's Amended Complaint alleges that on August 26, 2013, while housed as a prisoner in SCDC's McCormick Correctional Institution, in McCormick, South Carolina, he was assaulted by Defendants Stevenson, Tompkins, and Smith, causing him to suffer severe headaches, permanent damage to his left ear and diminished hearing, and a permanent knot on Plaintiff's forehead. Amended Complaint, ECF No. 15, p. 5. Plaintiff does not explain what led up to the incident on that date, but alleges that "at or around 10:05 p.m., Plaintiff was placed in handcuffs behind his back and escorted to medical by . . . Captain Stevenson and Sergeant Smith." Id. at p. 3. Plaintiff alleges that, after having been examined by medical and released back into the custody of Stevenson and Smith, they "led a restrained and subdued Plaintiff thr[o]u[gh] the Operations Area," and "once in a secluded hallway of Operations that leads to the Special Management Unit ["SMU"] Captain Stevenson violently attacked a defenseless Cody Pearson by hitting Plaintiff squarely in the face with a closed fist." Id. at p. 4. Plaintiff alleges that "Sergeant Smith, while brandishing a baton, viciously hit Cody Pearson in his left ear with his first." Id. Plaintiff alleges that Stevenson and Smith "continued to assault a restrained Cody Pearson, beating Plaintiff in his head and torso with closed fist as they escorted him to the [SMU]." Id. Plaintiff alleges that, when they arrived at the door leading to the SMU, "Lieutenant Tompkins appeared and without inhibition, kicked Cody Pearson twice in the testicles." Id. Plaintiff alleges that Stevenson, Tompkins, and Smith "continued to maliciously assault a wounded and defenseless Plaintiff," and "after exhausting themselves . . .



allowed Sgt. Reid and Officer Roper to pick up a battered Cody Pearson and take him to the shower on the B-side of the [SMU, where] Plaintiff was confined to the shower for several hours without medical attention." Id. at p. 5.

> Plaintiff alleges that Defendants Stevenson, Tompkins, and Smith
>
> were acting individually and as agents, servants and/or employees of the Defendant, South Carolina Department of Corrections. Further at all times mentioned in this complaint, Captain Stevenson, Lieutenant Tompkins and Sergeant Smith were Correctional Officers employed and trained under the South Carolina Department of Corrections['] mission to protect the safety of the inmates.

Id., p. 2. Plaintiff further alleges that

> The Defendant, South Carolina Dept. of Corrections is a governmental institution existing under the laws of the State of South Carolina and has facilities located in McCormick County. At all times mentioned in this lawsuit the Defendant acted and carried on its business by and thr[o]u[gh] its agents and/or employees at the abovementioned location. Additionally these servants, agents and/or employees were operating within the scope of their officially assigned and/or compensated duties during all times hereinafter mentioned.

Id. at p. 2-3. Plaintiff seeks "Actual, Compensatory and Punitive Damages." Id., p. 16.

## DISCUSSION

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." This statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). Further, even though, as a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers; see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); the requirement of liberal construction does not mean that the

3



court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff has sued the Defendant SCDC seeking monetary damages for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. However, the SCDC is a state agency. As such, Plaintiff's federal causes of action are against the State of South Carolina itself; Coffin v. S.C. Dep't of Soc. Servs., 562 F. Supp. 579, 583 (D.S.C. 1983); and it is well settled that the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a § 1983 damages suit brought against the State of South Carolina. See Alden v. Maine, 527 U.S. 706 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Will v. Mich. Dep't of State Police, 491 U.S. 58, 61–71 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state; Edelman v. Jordan, 415 U.S. 651, 663 (1974); and state agencies and state instrumentalities, such as the SCDC, share this immunity when they are the alter egos of the State. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 & n.9 (1984), the State of South Carolina has not consented to such actions. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), part of the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity,



consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state.  See McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."); Cf. Pennhurst, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

## RECOMMENDATION

Based on the foregoing, it is recommended that the SCDC be dismissed as a party Defendant in this case, without prejudice and without issuance and service of process.

A § 1983 action for damages may be brought against a state official acting in his or her individual capacity, as in the instant case, wherein Plaintiff's Complaint names Defendants Stevenson, Tompkins, and Smith.  Therefore, by separate Order, the undersigned is directing that the Amended Complaint (ECF No. 15) be served on Defendants Stevenson, Tompkins, and Smith.

Plaintiff's attention is directed to the important notice on the next page.

_____

March 24, 2014                                    Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

