# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cody J. Pearson, #284231,    ) | Civil Action No. 9:14-0454-RBH-BM |
|                     Plaintiff,    ) | |
| v.                                  ) | **REPORT AND** |
|                                        ) | **RECOMMENDATION** |
| Capt. J. Stevenson, Lt. Tompkins, ) | |
| and Sgt. Smith,                ) | |
|                     Defendants.    ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C.§ 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 6, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 10, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on July 14, 2014, to which the Defendants filed a reply on August 7, 2014.



1

The Defendants' motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that he is currently an inmate at the Lieber Correctional Institution, part of the South Carolina Department of Corrections Prison System. Plaintiff alleges that on August 26, 2013, while he was housed at the McCormick Correctional Institution, the Defendants Stevenson, Tompkins and Smith, all correctional officers, assaulted him with excessive force. Specifically, Plaintiff alleges that he was in handcuffs on that date and was being led from medical to the "operations area" by the Defendants Stevenson and Smith, and that upon arriving at the back door of the operations area (which leads to the Special Management Unit [SMU]), Stevenson hit him with a closed fist. Plaintiff further alleges that at the same time Smith, while wielding a baton, hit him in his left ear. Plaintiff alleges that Stevenson and Smith continued to beat him about his head and torso until he arrived at the SMU, where he was met by Tompkins. Plaintiff alleges that Tompkins then kicked him in the testicles twice from behind. Plaintiff alleges that he suffered a busted eardrum and a permanent protrusion on his forehead as a result of these assaults, and asks for monetary damages. See generally, Plaintiff's Complaint.

In support of summary judgment in this case, the Defendants have submitted an affidavit from Ann Hallman, Branch Chief for the Inmate Grievance Branch of the SCDC. Hallman

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



attests that she supervises the inmate grievance system, which is the method through which inmates may seek review of complaints relative to disciplinary hearing appeals, classification appeals, department policy/procedures, directives, or conditions of confinement. Hallman attests that the use of the inmate grievance system allows the SCDC and the inmate to jointly participate in the resolution of issues.

Hallman attests that a Step 1 Grievance is investigated by an inmate grievance coordinator and a decision is generally issued by the Warden of the institution where the inmate is housed. If the inmate disagrees with the Warden's decision in the Step 1 grievance, the inmate can then appeal by filing a Step 2 grievance with the SCDC. If the inmate disagrees with the disposition of the Step 2 grievance, the inmate may then appeal to the Administrative Law Court.[3] Hallman further attests that in March 20, 2013 there were some changes to the grievance process, which do not, however, affect the grievance filings in this lawsuit.

Hallman attests that she has personally reviewed the Plaintiff's grievance records,

---

[3]This Court may take judicial notice that, pursuant to the SCDC Grievance Policy and Procedure, if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006). However, although the grievance process also provides for appeals to the ALC, to fully exhaust a grievance (for purposes of filing a federal lawsuit) concerning a claim of excessive use of force by prison guards against an inmate, it would not be necessary for the inmate to appeal a denial of his grievance past the Step 2 Grievance. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of prison grievance procedure exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court.]); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007); Lowry v. Davis, No. 06-509, 2006 WL 3759828 at * 2 (D.S.C. Dec. 18, 2006)["It is not necessary for the inmate to file an appeal with the state ALJ Division for matters pertaining to prisoner's conditions of confinement."].



which show that Plaintiff filed Grievance No. MCCI-891-13 on August 27, 2013 complaining that excessive force had been used against him on August 26, 2013. Hallman attests that, given the nature of the claim, Plaintiff's grievance was initially forwarded to the Division of Investigations for review, which determined that an investigation was not needed. Therefore, Plaintiff's grievance was processed through the normal grievance process. Hallman attests that Warden Cartledge thereafter denied Plaintiff's grievance on October 4, 2013, and that this response was provided to the Plaintiff on October 8, 2013. Hallman attests that Plaintiff signed the grievance form indicating that he had recieved the Warden's response, and was informed that he had five days to file a Step 2 grievance appeal if he desired to do so. Hallman has attached a copy of Plaintiff's Step 1 grievance to her affidavit, which bears the signature of the Plaintiff showing his receipt of the Warden's response to his Step 1 grievance on October 8, 2013. Hallman attests that Plaintiff never thereafter filed a Step 2 grievance appeal of the denial of his Step 1 grievance, and that the time to do so has now long since expired.[4] See generally, Hallman Affidavit, with attached Exhibit A.

As attachments to his response to the Defendants' motion, Plaintiff has submitted an affidavit wherein he acknowledges that he was served with the response to his Step 1 grievance in

---

[4]Plaintiff did also file another grievance (MCCI-959-13) on September 16, 2013, appealing a disciplinary conviction he received in relation to the August 26, 2013 incident. That grievance was exhausted through the Step 2 grievance process, but was apparently not appealed to the administrative law court. See Hallman Affidavit, with attached Exhibit B. However, as an appeal of a disciplinary conviction, in order to exhaust this grievance Plaintiff would have had to appeal his disciplinary conviction to the ALC. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973). In any event, as correctly noted by the Defendants in their brief, Grievance MCCI-959-13 was not grieving the incident itself, but was grieving the conduct of Plaintiff's disciplinary hearing and his conviction.



MCCI-891-13 on October 8, 2013, but states that he then signed a Step 2 grievance form to appeal the denial of his Step 1 grievance.  Plaintiff attests that he was thereafter transferred to the Lieber Correctional Institution on December 10, 2013, and that he never received a response to his Step 2 grievance appeal.  See Plaintiff's Affidavit.  Plaintiff has also attached other documents as exhibits to his response, which include a Step 1 grievance dated October 31, 2013 (MCCI-1047-13) wherein he is complaining about the prison mail room and an apparent attempt by him to send out legal correspondence to two judges and three clerks of court, several Request to Staff Member forms wherein Plaintiff complains about various issues,[5] a copy of SCDC Policy/Procedure PS-10.08, copies of some medical records, and copies of affidavits from two fellow inmates concerning Plaintiff's treatment by prison officials.  See generally, Plaintiff's Exhibits.

**Discussion**

As noted, the Defendants have moved for summary judgment on Plaintiff's claim. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion

---

[5]Request to Staff forms are not grievances, and cannot be used to exhaust the prison grievance process.  McFadden v. Fuller, No. 13-2990, 2013 WL 6182365 at * 4 (D.S.C. Nov. 22, 2013) ["While [the plaintiff] includes copies of his requests to staff members in his objections, he does not demonstrate that he has attempted to enter the formal grievance process by first filling out a Form 10-5 (Step 1 Grievance)."]; Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy].



5

with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned is constrained to conclude that the Defendants are entitled to summary judgment in this case.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on this claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674,



683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted the affidavit from Ann Hallman, Chief of the Inmate Grievance Branch of the SCDC, with attached exhibits showing that Plaintiff failed to exhaust his administrative remedies with respect to this claim prior to filing this lawsuit. Defendants' exhibits include a copy of Plaintiff's Step 1 Grievance form concerning the claim at issue in this lawsuit together with the Warden's response, and which contains a notification to the Plaintiff that if he is not satisfied with the decision he can appeal within five days of receipt. Plaintiff signed the receipt for the Warden's decision on his Step 1 grievance on October 8, 2013. See Hallman Affidavit, attached Exhibit [Step 1 Grievance form in Grievance MCCI-891-13]. However, Hallman attests that Plaintiff never thereafter appealed the denial of his Step 1 grievance by filing a Step 2 grievance appeal, and Plaintiff has presented no evidence whatsoever sufficient to give rise to a genuine issue of fact that he did so. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial].

    While Plaintiff attests in his affidavit attached to his memorandum in opposition that he did file a Step 2 grievance appeal, Hallman attests that there is no record of Plaintiff ever having filed any Step 2 grievance appeal, nor has Plaintiff (as part of his numerous exhibits attached to his response) provided a copy of any such document. Plaintiff cannot simply, in response to probative evidence that no record exists of him ever having submitted a Step 2 grievance appeal concerning



the issue raised in this lawsuit, submit an affidavit saying "yes I did", and expect to survive summary judgment, because if that is all it took to defeat evidence of a failure to exhaust, then this defense could never be successfully asserted by a Defendant. Cf. Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) [Finding that Plaintiff's self-serving contention, in response to evidence to the contrary, that he did submit a grievance was "simply not enough to create a genuine dispute as to any material fact"]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); Drakeford v. Thompson, No. 09-2239, 2010 WL 4884897, * 3 (D.S.C. Nov. 24, 2010); see also Sylvia Dev. Corp. v. Calvert County, MD., 48 F.3d 810,818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].

Therefore, the Defendants are entitled to summary judgment in this case. Cf. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also



Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Malik, 2012 WL 3834850, at * 4 ["A court may not consider, and must dismiss, unexhausted claims"].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 11, 2014
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

