IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Cody J. Pearson, #284231, | ) | Civil Action No.: 9:14-cv-454-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Capt. J. Stevenson; Lt. Tompkins; and | ) | |
| Sgt. Smith, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cody J. Pearson, #284231 ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Capt. J. Stevenson; Lt. Tompkins; and Sgt. Smith ("Defendants") on February 21, 2014.[1] *See* Compl., ECF No. 1; Am. Compl., ECF No. 15. On June 6, 2014, Defendants filed a motion for summary judgment. *See* Defs.' Mot., ECF No. 33. Plaintiff timely responded to Defendants' motion on July 14, 2014, *see* ECF No. 39, and Defendants replied on August 7, 2014, *see* ECF No. 44. Defendants' motion is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[2] *See* R & R, ECF No. 47. In the R & R, the Magistrate Judge recommends the Court grant Defendants' motion for summary judgment and dismiss this case without prejudice. *See id.* at 9.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] The South Carolina Department of Corrections was also named as a Defendant, but was previously dismissed by the Court. *See* Order, ECF No. 24.
[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION[3]

In the R & R, the Magistrate Judge recommends the Court find that Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 47 at 9. The Magistrate Judge noted that Defendants provided an affidavit from Ann Hallman, Chief of the Inmate Grievance Branch of the South Carolina Department of Corrections ("SCDC"), who averred that Plaintiff failed to exhaust his administrative remedies. *See* Aff. of Ann Hallman, ECF No. 33-2 at ¶ 11. Hallman explained that, while Plaintiff did file a Step 1 grievance regarding the alleged excessive force, he never

---

[3] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation. *See* ECF No. 47 at 2–5. Briefly stated, Plaintiff alleges that while he was housed at the McCormick Correctional Institution, the Defendants assaulted him with excessive force. *See* ECF No. 1 at 3–4. Plaintiff alleges that he suffered a busted eardrum and a permanent protrusion on his forehead as a result of the purported assault, and he seeks monetary damages as the remedy. *See id.* at 3–5.

appealed the denial of the Step 1 grievance by filing a Step 2 grievance. *See id.* at ¶ 12. Hallman stated that SCDC has no record of Plaintiff ever having filed a Step 2 grievance, and that the time in which to do so has long since expired. *See id.* The Magistrate Judge noted that Plaintiff has not presented a copy of the Step 2 grievance or any other evidence sufficient to give rise to a genuine issue of fact that he filed a Step 2 grievance. *See* ECF No. 47 at 7. The Magistrate Judge explained that Plaintiff must do more than simply submit an affidavit saying "yes I did" file the grievance (like he did in this case) and expect to survive summary judgment. *See* ECF No. 47 at 8. Accordingly, the Magistrate Judge recommends that Defendants' motion be granted, and this action be dismissed without prejudice for failure to exhaust.

Plaintiff filed a series of documents subsequent to the R & R. The first filing is a reply to Defendants' reply in support of their motion for summary judgment, which the Court will refer to as a sur-reply. *See* Pl.'s Sur-reply, ECF No. 49. Plaintiff also timely filed objections to the Magistrate Judge's R & R on September 29, 2014, *see* ECF No. 51, and supplemented these objections on October 16, 2014 and January 22, 2015, *see* ECF Nos. 54–55.[4] Essentially, Plaintiff argues in these filings that he did in fact file a Step 2 grievance, claiming that he placed this document in his cell door "to be placed in the grievance box on October 10, 2013." *See* ECF No. 51 at 3; *see also* Pl. Aff, ECF No. 51-1 at ¶¶ 3, 7. Plaintiff asserts that Hallman does not know whether he placed the document in his door or not, and that her affidavit is "self serving and irrelevant." *See id.* at 3–4. Plaintiff provided an affidavit of another inmate who averred that he heard Plaintiff yell on the morning of October 10, 2013 that the grievance was "gone," meaning it had been picked up. *See* Aff. of Terrell Bryan, ECF No. 55-1 at 1. Plaintiff also claims he did not make a copy of the Step 2

---

[4] The Court notes that the sur-reply and both supplements to Plaintiff's objections were untimely. However, these filings all assert the same arguments as Plaintiff's initial objections to the R & R (which were timely) and thus, out of an abundance of caution, the Court considered them all in issuing this Order.

3

grievance (and thus cannot provide one to the Court) because the slow turnaround time at the law library meant he may have missed the deadline had he tried to do so. *See* ECF No. 55 at 3. Plaintiff then contends that he refiled the Step 1 and Step 2 grievances (on April 4, 2014 and May 29, 2014, respectively) for this incident since his original Step 2 was lost. *See* ECF No. 49 at 2; ECF No. 51 at 3; ECF No. 54 at 2. Plaintiff disagrees with Defendants' argument that these grievances related to the adequacy of Plaintiff's medical care rather than the excessive force claim. *See id.*

After a *de novo* review of the record, the Court agrees with the Magistrate Judge that dismissal is warranted for failure to exhaust. As the Magistrate Judge noted, through enactment of the Prison Litigation Reform Act, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) (inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant); *Jones v. Bock*, 549 U.S. 199, 211–12 (2007). However, Plaintiff may not escape summary judgment by simply asserting that "yes I did" exhaust administrative remedies. *Cf. Malik v. Sligh*, No. 11-1064, 2012 WL 3834850, at *4 (D.S.C. Sept. 4, 2012) (finding that Plaintiff's self-serving contention, in response to evidence to the contrary, that he did submit a grievance was "simply not enough to create a genuine dispute as to any material fact"); *see also Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) (holding that a self-serving affidavit was insufficient to survive summary judgment); *King v. Flinn & Dreffein Eng'g Co.*, No. 09-410, 2012 WL 3133677, at *10 (W.D. Va. July 30, 2012) (finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony" (citation omitted)); *Drakeford v. Thompson*, No. 09-2239, 2010 WL 4884897, at *3 (D.S.C. Nov. 24, 2010).

As the Magistrate Judge explained, Defendants provided evidence in the form of an affidavit explaining that, while Plaintiff did file a Step 1 grievance concerning his excessive force claim, there is no record that he ever filed a Step 2. Plaintiff, notably, has not been able to provide a copy of the Step 2 grievance either. However, he did provide numerous copies of other grievances and "request to staff" forms. Conveniently though, the allegedly "missing" Step 2 grievance is the only form referenced in the parties' filings of which Plaintiff has not been able to produce a copy. Plaintiff has provided no evidence aside from his own conclusory and self-serving affidavit testimony claiming that he did in fact file a Step 2 grievance.[5] It is also telling that, while he notes in the affidavit that he submitted the grievance and that it was picked up, in Paragraph 7 he left a blank space for the date which he alleges he placed the grievance in the mail. *See* ECF No. 51-1 at 2. The Court finds that Plaintiff's evidence is insufficient to survive summary judgment in light of Defendants' evidence contradicting Plaintiff's claim that he filed a Step 2 grievance and Plaintiff's failure to provide any evidence aside from his own self-serving affidavits.

Moreover, the Court agrees with Defendants that Plaintiff's claim that the Step 1 and Step 2 grievances filed on April 4, 2014 and May 29, 2014 did satisfy the exhaustion requirement is without merit. These forms do refer to the alleged assault that took place on August 26, 2013. However, the Step 1 grievance noted that Plaintiff is still "suffering" and having intense headaches and pain. *See* ECF No. 49-1 at 1. Plaintiff explained that he "voiced" that the pain pills he was given had little effect and that he was requesting "proper treatment for my injuries." *See id.* The Step 2 grievance further stated that Plaintiff "may need special medical attention to help alleviate the pain." *See* ECF No. 49-1 at 2. As Defendants note, the basis of both of these grievances was the adequacy of the medical care Plaintiff received, not the assault itself. Plaintiff clearly sought

---

[5] Terrell Bryan's affidavit does nothing more than confirm Plaintiff told him that the Step 2 grievance had been filed.

"proper treatment" as the remedy. In any event, as Defendants correctly argue, these additional filings would not have been processed even if they related to the August 13 incident because they were filed well beyond the time allowed to file a grievance. Plaintiff had five days after he received a response to his October 4, 2013 Step 1 grievance, which was issued on October 8, 2013, to file a Step 2. *See* ECF No. 33-2 at ¶ 12.

Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to exhaust his administrative remedies. Accordingly, Defendants' motion for summary judgment should be granted.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, Defendants' motion for summary judgment, Plaintiff's response in opposition, Defendants' reply in support, Plaintiff's sur-reply, Defendants' response to the sur-reply, the R & R, Plaintiff's objections and supplemental objections, Defendants' responses to the objections and supplemental objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED**. This action is **DISMISSED**, *without prejudice*, for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

Florence, South Carolina
February 20, 2015